**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | No. 11-4004-01-CR-C-FJG |
| DONALD GEORGE LAFLAMME, | |
| Defendant. | |

### ORDER

Pending before the Court is defendant's Motion to Suppress Evidence and for a Hearing Pursuant to Franks v. Delaware (Doc. No. 140).

On May 21, 2013, United States Magistrate Judge Matt J. Whitworth held a hearing on the present matter. On July 9, 2013, Magistrate Judge Whitworth entered a Report and Recommendation (Doc. No. 152) which recommended denying defendant's motion. On August 14, 2013, defendant filed objections to the Report and Recommendation (Doc. No. 156). Defendant's objections are that (1) Magistrate Judge Whitworth states at p. 6 that "Ms. Gezendorf actually call[ed] the police department to report the assault and request assistance," even though no evidence at the hearing supports this statement; (2) the finding that defendant "refused to give the proper spelling of this name" to police is not supported by the record, and demonstrates only impaired mental functioning, not a deliberate refusal to cooperate; (3) the record from the hearing does not support the finding that Ms. Gezendorf told the officers that the gun belonged to the defendant, making that statement of fact at page 3 of the Report and Recommendation inaccurate; (4) the record does not support that defendant <u>knew</u> that

police were on their way (making that statement at page 11 of the Report and Recommendation inaccurate), as no evidence was introduced at the hearing other than what police officers supposed or deduced as defendant's motivation; and (5) any implication at page 12 of the report that Ms. Gezendorf provided consent to Officer Skinner is inaccurate, as the record only supports that consent was given to Officer Gose.

The Court, after independent review of the record and applicable law, adopts and incorporates by reference herein, the magistrate's findings and conclusions. In particular, the Court finds that even if it accepted as true all the defendant's criticisms of the facts as stated in the Report and Recommendation, those criticisms do nothing to alter the Magistrate Judge's well-supported conclusions that (1) Ms. Gezendorf gave consent to search the hotel room prior to any search being conducted; (2) probable cause supported defendant's arrest for the state crime of domestic assault; and (3) the U.S. currency and methamphetamine found in a common area on hotel grounds is admissible as (a) defendant has no standing to challenge evidence seized in an area where he had no reasonable expectation of privacy, and (b) the evidence had been abandoned. Nor do the criticisms alter the conclusion that defendant is not entitled to a <u>Franks</u> hearing. Therefore, defendant's Motion to Suppress Evidence and for a Hearing Pursuant to Franks v. Delaware (Doc. No. 140) is **DENIED.**

**IT IS SO ORDERED**.

Date: <u>September 23, 2013</u>         **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                  Fernando J. Gaitan, Jr.
                                       Chief United States District Judge